**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROGER J. DEMING,

      Plaintiff - Appellant,

   v.

MERRILL LYNCH & CO., INC.; et al.,

      Defendants - Appellees.

No. 11-35957

D.C. No. 3:09-CV-05418-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted April 10, 2013
Seattle, Washington

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and COLLINS, District
Judge.[**]

    Roger J. Deming sought to bring an action on behalf of himself and others

who were similarly situated, alleging that administrative and compliance review

fees charges by First Franklin Financial Corporation ("Franklin") on two real estate

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Raner C. Collins, District Judge for the U.S. District
Court for the District of Arizona, sitting by designation.

loans violated Washington state law and his rights under the common law.[1] The district court granted summary judgment for Franklin holding that Deming's claims were preempted by the National Banking Act and regulations promulgated by the Office of the Comptroller of the Currency ("OCC"). We affirm.[2]

The district court properly determined that Deming's claims under Washington state laws are preempted by federal law. In *Watters v. Wachovia Bank*, 550 U.S. 1, 18 (2007), the Supreme Court held that a national bank could engage in real estate lending through an operating subsidiary. In *Martinez v. Wells Fargo*, 598 F.3d 549, 555 (9th Cir. 2010), we held that state laws that "obstruct impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers" are preempted. *See also* 12 C.F.R. § 34.4(a). Here, applying the Washington Consumer Protection Act or the Washington Consumer Loan Act ("CLA") to the administrative and compliance review fees charged by Franklin would obstruct Franklin's ability to exercise its

---

[1] Appellees Merrill Lynch & Co., Inc. and Bank of America Corp. are successors in interest to First Franklin Financial Corporation. Appellees are collectively referred to as "Franklin."

[2] Appellees' "motion to strike or disregard new argument in appellant's reply brief" is denied.

2

"Federally authorized real estate lending powers." Accordingly, all of Deming's claims based on Washington state laws are preempted.

The district court dismissed all of Deming's claims, including his alleged common law claims, on the ground that they were "premised on a violation of the CLA and/or its regulations." At oral argument, Deming asserted that he had alleged claims under the common law, independent of Washington state statutory laws. To the extent that such claims are implicit in Deming's complaint, he has failed to make the requisite factual showings necessarily to proceed. First, as Deming procured the underlying loans through an independent broker and did not have any conversations with anyone from Franklin, he has not shown that Franklin had a duty toward him necessary to give rise to a claim of negligence. Second, it appears that the charges in issue were disclosed in the loan documents, thus negating Franklin's claim for fraud through concealment. Third, Deming has not shown that his contracts with Franklin specified how the administrative and compliance fees were to be calculated or charged. Fourth, as Deming is proceeding on a contract, under Washington law, he cannot proceed by way of unjust enrichment, but must prove a breach of contract. *See U.S. for Use & Benefit of Walton Tech., Inc. v. Westar Eng'g., Inc.*, 290 F.3d 1199, 1204 (9th Cir. 2002)

Accordingly, the district court did not err in dismissing Deming's common law claims as well as his claims based on Washington statutes and regulations.[3]

Finally, at oral argument Deming asserted that he had alleged a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b). Assuming that such a claim was embedded in Deming's complaint, it is factually and legally foreclosed by our decision in *Martinez*, 598 F.3d at 553-54. RESPA "prohibits only the practice of giving or accepting money where no service whatsoever is performed in exchange for that" and "does not extent to overcharges." *Id*. (internal quotation marks and citations omitted). Here, the record shows that Franklin did undertake some administrative tasks and paid Mavant, Inc. to undertake some compliance review. In addition, to the extent that Deming asserts that Franklin violated RESPA by not adhering to "safe and sound banking principles" as required by 12 C.F.R., §7.4002(b)(2), in *Martinez* we held that a lawsuit claiming that a national bank failed to abide by OCC regulations, "is fruitless because the regulation of a national bank's adherence to OCC regulations is within the exclusive purview of the OCC." *Id*. at 556 n.8.

---

[3]    Because Deming failed to allege sufficient facts to constitute a common law cause of action, we need not, and do not, decide whether an adequately pled common law cause of action would be preempted by the National Banking Act and OCC regulations.

4

The district court's grant of summary judgment for Franklin and dismissal of

Deming's claims is **AFFIRMED.**